IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROY D. TAYLOR,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>        Respondent. | **MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT PETITION**<br><br>Case No. 2:18-CV-8-CW<br><br>District Judge Clark Waddoups |

Petitioner, Roy D. Taylor, an inmate at Utah State Prison, filed a *pro se* habeas-corpus petition. *See* 28 U.S.C.S. § 2254 (2018). Reviewing the Petition, the Court concludes that it must be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

### DEFICIENCIES IN PETITION

Petition:

(a)     has possibly been supplemented by other potential claims in the numerous other documents filed in this case by Petitioner.

(b)     along with supplemental documents, inappropriately requests relief regarding conditions of confinement that would be more properly brought as civil-rights claims in a different case.

(c)     has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

# INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition. First, the revised petition **must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner**. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original). Second, the petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent. *See*

R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts. Third, Petitioner may generally not bring civil-rights claims as to the conditions of his confinement in a habeas-corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2017); any claims about the execution of Petitioner's sentence should be brought under *id.* § 2241. Fifth, Petitioner should seek help to prepare initial pleadings from legal resources (e.g., contract attorneys) available where he is held.

## PRELIMARY INJUNCTIVE RELIEF

The Court evaluates Petitioner's motion for preliminary injunctive relief. Petitioner appears to merely be trying to expedite the relief he seeks in his petition. This type of injunction is disfavored by the law. *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

Further, Petitioner has not specified adequate facts showing each of the four elements necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest."

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal." *SCFC ILC, Inc.*, 936 F.2d at 1098. The Court has carefully reviewed Petitioner's pleadings and motions for injunctive relief and concludes Petitioner's claims do not rise to such an elevated level that an emergency injunction is

warranted. In sum, Petitioner has not met the heightened pleading standard required in moving for an emergency injunction.

**O R D E R**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

(4) Petitioner's motion for preliminary injunctive relief is **DENIED**. (*See* Doc. No. 4.)

(5) Petitioner's motions requesting the Court to order Respondent to answer are **DENIED**. (Doc. Nos. 6 & 11.) Based on this Order, the original petition is not eligible for service. Moreover, if the Court orders an answer on any amended petition, it will do so at its own initiative. No prompting by Petitioner is needed.

(6) Petitioner's motion asking the Court to "find transcripts sent certified mail to the court" is **GRANTED**, (Doc. No. 12), as follows: Within seven days, the Clerk of Court shall determine whether a transcript was received by the Clerk's Office and the docketing status of transcripts in this case and respond by letter to Petitioner about the status of any such transcripts.

(7) Petitioner's motions requesting the Court to send him a copy of the docket are **GRANTED**. (Doc. Nos. 13, 17 & 20.)

DATED this 4th day of September, 2018.

BY THE COURT:

*/s/ Clark Waddoups/*

JUDGE CLARK WADDOUPS
United States District Court