IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROY D. TAYLOR  Petitioner,  v.  STATE OF UTAH,  Respondent. | **MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT THIRD AMENDED PETITION**  Case No. 2:18-CV-8-CW  District Judge Clark Waddoups |

Petitioner, Roy D. Taylor, an inmate at Utah State Prison, filed a third amended *pro se* habeas-corpus petition. *See* 28 U.S.C.S. § 2254 (2019). Reviewing the Third Amended Petition, (Doc No. 37), the Court concludes that it must be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

## DEFICIENCIES IN THIRD AMENDED PETITION

Third Amended Petition:

(a)     is not on the form required by and provided to Petitioner by this Court.

(b)     has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## REPEATED INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition. First, the revised petition **must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original or first amended petition or any other documents previously filed by Petitioner**. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original). Second, Petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the

respondent. *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts. Third, Petitioner may generally not bring civil-rights claims as to the conditions of his confinement in a habeas-corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2019); any claims about the execution of Petitioner's sentence should be brought under *id.* § 2241. Fifth, Petitioner should seek help to prepare initial pleadings from legal resources (e.g., contract attorneys) available where he is held.

## MOTION FOR APPOINTED COUNSEL

The Court now evaluates Petitioner's motion for appointed counsel. The Court initially notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2019).

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel at this time. First, it is yet unclear that Petitioner has asserted any colorable claims. *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so

complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. The Court thus denies for now Petitioner's motion for appointed counsel.

## O R D E R

Based on the above, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY FINAL DAYS** from this Order's date to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

(4) Petitioner's motion for order to show cause is **DENIED**. (Doc. No. 26.) Petitioner asks here for the state to respond to his petition; however, there is no valid petition on file at this time.

(5) Petitioner's motion for preliminary injunctive relief is **DENIED**. (Doc. No. 28.) Petitioner's arguments here regard alleged inadequate medical care which is inappropriate in this habeas context. Petitioner should file such claims in a prisoner civil-rights complaint if he wishes to pursue them further.

(6) Petitioner's motion for appointed counsel is **DENIED**. (Doc. No. 32.) However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf.

(7) Petitioner's motion for service of process is **DENIED**. (Doc. No. 33.) There is no valid petition on file here as of this Order. Further, if a valid petition is later filed, no prompting is

needed for the Court to order an answer from Respondent. Rs. 4 & 5, Rs. Governing § 2254 Cases in the U.S. Dist. Cts.

(7) Petitioner's motions for "constitutional challenge" and for the Court to use the proper habeas standard of review are **DENIED**. (*See* Doc. Nos. 38 & 41.) A federal habeas petition necessarily contains a constitutional challenge; further, the Court will of course apply the proper law to Petitioner's case.

DATED this 8th day of April, 2019.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court