IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROY DEAN TAYLOR,<br><br>      Petitioner,<br><br>v.<br><br>UTAH STATE PRISON WARDEN,<br><br>      Respondent. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:18-CV-8-CW<br><br>District Judge Clark Waddoups |

Acting *pro se*, Petitioner, Roy Dean Taylor, has filed a fourth amended habeas-corpus petition under 28 U.S.C.S. § 2254 (2020). (ECF No. 43.) The Court grants Respondent's motion to dismiss, (ECF No. 47), after thoroughly reviewing every document in this case.

## BACKGROUND

In Utah state court, Petitioner was convicted by a jury of drug crimes. *State v. Taylor*, 2017 UT App 89, ¶ 1. On June 2, 2017, Utah Court of Appeals affirmed the convictions. *Id*. Petitioner did not petition the Utah Supreme Court for certiorari review. Nor did Petitioner apply for state post-conviction relief. He now challenges his convictions in this federal habeas petition. (ECF No. 43.)

The grounds raised are: (1) traffic stop lacked probable cause; (2) unconstitutional search and seizure; (3) ineffective assistance of trial counsel for not (a) producing brief as ordered in court, (b) telling jury of plea bargain, and (c) adequately investigating. In his responses to the Motion to Dismiss, Petitioner possibly also raises ineffective assistance of appellate counsel, either as a standalone ground for habeas relief or as an exception to the procedural bar.

## ANALYSIS

In its Motion to Dismiss, (ECF No. 47), Respondent argues that Petitioner's issues are unexhausted and procedurally defaulted. The Court agrees.

### A. Exhaustion

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in Utah courts. *See* 28 U.S.C.S. § 2254(b) & (c) (2020); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 404 U.S. at 276; *Knapp*, 1998 WL 778774, at *2-3. Here, because he neither petitioned for writ of certiorari as to his failed direct appeal nor sought post-conviction relief, Petitioner did not present any issue to the highest Utah court available, the Utah Supreme Court. His claims before this Court are therefore unexhausted.

### B. Procedural Default

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Utah's Post-Conviction Remedies Act states: "A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal . . . or is

barred by the limitation period established in Section 78B-9-107." Utah Code Ann. § 78B-9-106(1) (2020); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000). Section 78B-9-107 states, "A petitioner is entitled to relief only if the petition is filed within one year after the cause of action accrued." Utah Code Ann. § 78B-9-107(1) (2020).

Petitioner's issues as to the constitutionality of his traffic stop and search and seizure could have been but were not raised by certiorari petition to the Utah Supreme Court. And, Petitioner's ineffective-assistance-of-trial-counsel issues also could have been but were not raised by certiorari petition to the Utah Supreme Court; after all, he had different counsel on appeal than he had at trial. (ECF No. 43, at 13.) Finally, Petitioner's possible ineffective-assistance-of-appellate-counsel claims could have been raised in a state-post-conviction application, presumably within one year of the Utah Court of Appeals's decision on June 2, 2017. That time has long since expired.

Under Utah law, then, Petitioner may not raise his current arguments in future state habeas petitions, and the state courts would determine them to be procedurally barred.

- **Exceptions**

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted). Petitioner asserts both cause and prejudice and a fundamental miscarriage of justice. Specifically, he asserts that that he was hampered by lack of legal knowledge and resources and that he is actually innocent.

### 1. Cause and Prejudice

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *Butler v. Kansas*, 57 F. App'x 781, 784 (10th Cir. 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Under Tenth Circuit case law, lack of legal resources and knowledge (including Petitioner's own misunderstanding) are circumstances that do not carry Petitioner's burden to show cause. *Gilkey v. Kansas*, 58 F. App'x 819, 822 (10th Cir. 2003) (unpublished) (holding limited knowledge of law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and corresponding lack of awareness and training on legal issues do not constitute adequate cause for failure to previously raise claims). "Indeed, these are factors . . . that are *internal* to Petitioner's defense." *Ardon-Aguirre v. Sorensen*, No. 2:12-CV-914 DB, 2013 U.S. Dist. LEXIS 150269, at *11 (D. Utah October 18, 2013) (emphasis in original).

Further, Petitioner possibly raises ineffective-assistance-of-appellate counsel (for not telling him he could petition for certiorari review) as an exceptional circumstance providing cause to excuse his default.

> "But an ineffective assistance of counsel claim must itself be exhausted before it can provide 'cause' to excuse procedural default." *Davis v. Schnurr*, 785 F. App'x 519, 524 (10th Cir. 2019) (unpublished) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). Petitioner has not separately raised the issue of ineffective assistance of appellate counsel for failing to [advise him that he could petition the Utah Supreme Court for certiorari review.] *See id.* Petitioner's "ineffective-assistance argument is therefore itself procedurally defaulted and cannot provide 'cause' to excuse his default." *Id.*

*Finlayson v. Utah*, No. 2:15-CV-818-DAK, 2019 U.S. Dist. LEXIS 170108, at *15 (D. Utah Sept. 30, 2019).

### 2. Actual Innocence

Finally, Petitioner suggests that a miscarriage of justice will occur if this Court does not address his defaulted claims. This is based on his argument that, because the search was illegal, any evidence obtained from it should not have been used against him.

However,

> [c]hallenging the search and seizure of the drug evidence, even if successful, would not show actual innocence--that he did not commit the drug offense. It would instead show certain evidence should not have been admitted at trial. . . ."'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).
>
> Further, a prisoner can establish actual innocence in post-conviction proceedings only by bringing forward new exculpatory evidence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013); *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating prisoner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial"). [Petitioner] has presented no new evidence affirmatively demonstrating he is innocent of the charged crimes. *See United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004) (citing *Schlup*, 513 U.S. at 328); Brian R. Means, *Federal Habeas Manual* § 9B:80 (May 2017 update).

> . . . [T]he actual innocence gateway [is] not . . . available to [Petitioner] because he fails to present new evidence showing he did not commit the drug offense. In short, he does not make a post-conviction actual innocence claim.

*Warren v. United States*, 707 F. App'x 509, 512 (10th Cir. 2017) (unpublished).

The Court concludes that Petitioner's issues are procedurally defaulted. And, they do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar.

## CONCLUSION

Petitioner's challenges are procedurally barred and do not merit exceptional treatment. The Court thus denies Petitioner federal habeas relief.

**IT IS ORDERED** that:

(1) Respondent's Motion to Dismiss is **GRANTED**. (*See* ECF No. 47.)

(2) For the same reasons his first motion for appointed counsel was denied, (ECF No. 42, at 3-4), Petitioner's second and third motions for appointed counsel are **DENIED**. (ECF Nos. 52 & 55.)

(3) Petitioner's motion for prison contract attorneys to provide him with specific legal text is **DENIED**. (ECF No. 50.) After all, "[t]he right of access [to] the courts is 'only [the right] to present . . . grievances to the courts,' and does not require prison administrators to supply resources guaranteeing inmates' ability 'to litigate effectively once in court' or to 'conduct

generalized research.'" *Brooks v. Colo. Dep't of Corr.*, 730 F. App'x 628, 632 (10th Cir. 2018) (unpublished) (some alterations in original) (quoting *Lewis v. Casey*, 518 U.S. 343, 354, 360 (1977)).

(4) Petitioner's first and second Motions to Vacate Sentence are **DENIED AS MOOT**. (ECF Nos. 58 & 63.)

(5) Certificate of appealability is **DENIED**.

DATED this 5th day of March, 2020.

BY THE COURT:

CLARK WADDOUPS
United States District Judge